465 So.2d 181 (1985)
Lillian Slay RUSSELL, Plaintiff-Appellant,
v.
Gerald L. RUSSELL, Defendant-Appellee.
No. 84-233.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*182 Broussard, Bolton & Halcomb, Roy S. Halcomb, Jr., Alexandria, for plaintiff-appellant.
Richard E. Lee, Alexandria, for defendant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
The issue in this partition of community property appeal is whether the summary judgment evidence was sufficient to support a summary judgment holding that Lillian Russell has no community property interest in the military retirement benefits of her former husband. We find that the summary judgment evidence was insufficient to make that determination, and so we set aside the judgment and remand the case for trial on the merits.
Gerald Russell enlisted in the U.S. Army on January 31, 1955. He and Lillian Russell married on October 5, 1958. He stayed in the Army for 19 years, 11 months, and five days, and on September 21, 1972, he received a medical discharge for permanent disability. The couple was legally separated on March 3, 1977, and at that time the community property was amicably divided but no consideration was given to Gerald's retirement benefits. They were divorced on June 1, 1978.
In November 1983 Lillian Russell filed the present suit seeking a partition of the military retirement pension. In response to the suit Gerald filed a motion for summary judgment. In support of the motion he filed his own affidavit indicating that he was medically discharged based on permanent physical disability, and he also filed a copy of Department of Defense Form 214. This form showed that his total creditable service was 19 years, 11 months, and five days, and that he received a retirement discharge by reason and under the authority of 10 U.S.C. § 1201 for permanent disability. The record does not reflect the amount of his retirement benefits, past or present, and, except for the references on Form 214, the record does not show the type of retirement benefits that he has received since his retirement, or what he is presently receiving. The record does not show what portion of his benefits are attributable to creditable service, or what portion to disability, or whether such a division exists or can be made.
The trial court wrote an excellent opinion regarding this vexatious problem, concluding that under applicable law (McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and 10 U.S.C. § 1201, et seq), military disability retirement benefits are not susceptible of being divided or diminished under the community property laws of this state. It is our opinion, however, that in the light of the developing jurisprudence on the subject since the trial court's decision in this case, and in consideration of the highly restrictive conditions under which our law permits a summary judgment, we must remand for a trial on the merits.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. One who moves for summary judgment has the burden of demonstrating clearly the absence of a genuine issue of fact and any doubt as to the existence of such an issue is resolved against the mover. Whitney v. Mallet, 442 So.2d 1361 (La.App. 3rd Cir.1983), writ denied, 445 So.2d 437 (La.1984).
In Inzinna v. Inzinna, 456 So.2d 691 (La.App. 5th Cir.1984), writ denied 461 So.2d 317 (1984), the wife filed suit against her husband for partition of his military retirement pension. Evidently the husband had received a disability discharge since a portion of his pension constituted disability pay. The appellate court was confronted with the issue of whether the wife had a community right to that portion of the military pension that was not disability pay. *183 Affirming the district court's holding that she did, the Louisiana 5th Circuit said:
"[1] It is clear from the wording of 10 U.S.C. § 1408, the applicable statute,1 that "disposable retired or retainer pay" excludes disability pay, and Mrs. Inzinna is not entitled to any portion of the pension which constitutes such disability pay.
"[2] The statute also permits courts of the individual states to treat the disposable retired pay as community or separate property according to the law of the particular jurisdiction.2 This section as amended, effective on February 1, 1983, reverses the Supreme Court decision of McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed. 589 (1981), which decision held that military pensions were "personal entitlements", (i.e., not community property) and on which appellant has partially relied.
"Our brothers in the First and Second Circuits have recently held that in light of the aforementioned Congressional enactment, a court may treat military retirement pay in accordance with applicable state law, and that in Louisiana such retirement pension is community property.3 We agree. Louisiana jurisprudence has long held that the non-employed spouse has an interest in proceeds from such retirement annuities. See Sims v. Sims, 358 So.2d 919 (La.1978) for Justice Tate's discussion of the history of such pensions as community property.
"[3] Moreover, counsel for appellee, in oral argument, emphasized that Mrs. Inzinna seeks an interest only in those payments accruing subsequent to February 1, 1983.
"Since that is the date on which the amendment to 10 U.S.C. 1408 became effective, as previously stated, it is evident that appellee is clearly entitled to an interest in said payments as a matter of law," (footnotes omitted)
See also Moreau v. Moreau, 457 So.2d 1285 (La.App. 3rd Cir.1984) and Simmons v. Simmons, 453 So.2d 631 (La.App. 3rd Cir.1984), writ denied 458 So.2d 476 (1984).
Our Supreme Court was asked to grant writs in the Inzinna case, and the application was denied. We read the Inzinna case to mean that disability retirement pay, although nominally a disability pension, can be a community asset if and to the extent that some amount thereof reflects nondisability retirement creditable service. With this possibility in mind, the uncertainty in the basic facts of the present case takes on added importance in the evaluation of the evidence for summary judgment purposes.
In the present case the trial court evidently concluded that since the husband received a disability discharge that his pension constituted disability pay and was excluded in the definition of "disposable retired or retainer pay" under 10 U.S.C. § 1408. The record as presently made up contains no evidence as to the type of his pension, or the amount of it, or whether, considering that his length of service fell just a few days short of qualifying him for a 20-year nondisability retirement, the pension represents a calculable combination of both disability and nondisability benefits.
For these reasons we find that the trial court erred in granting the former husband's motion for summary judgment. The judgment is set aside and the judgment is remanded to the trial court for further proceedings. Costs of this appeal shall be paid by appellee.
JUDGMENT SET ASIDE: CASE REMANDED.