In re LATHAM EXPLORATION CO., INC., Debtor.

H. Wayne WILSON, Trustee of Latham Exploration Company, Inc.

v.

Morton BIGGER, et al.

Civ. A. No. 87–0409.

United States District Court,
W.D. Louisiana,
Shreveport Division.

Feb. 22, 1988.

---

Mark E. Gilliam, Wilkinson, Carmody & Gilliam, Shreveport, La., for James A. Latham, individually and as Trustee for Latham Employees Trust Fund.

Glenn L. Langley, Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for First Sec. Bank of Utah, N.A., special counsel for H. Wayne Wilson, Trustee of Latham Exploration Co., Inc., et al.

## MEMORANDUM RULING

STAGG, Chief Judge.

This is an appeal from a judgment entered September 4, 1986, by United States Bankruptcy Judge T. Glover Roberts sitting by designation in the Western District of Louisiana. The trustee of Latham Exploration Company, Inc. ("LEXCO"), H. Wayne Wilson, filed a complaint seeking to avoid the assignment by LEXCO of a one percent overriding royalty interest in what is known as the Tuscaloosa Program to the Latham Employee Trust Fund ("Trust"). The case was submitted to the bankruptcy judge through written testimony and copies of documentary evidence. After considering the evidence, the judge invalidated the trust instrument, and avoided the transfer of the overriding royalty interest for the benefit of the estate.

This judgment has been appealed by the Trust. The appellant contends that the bankruptcy judge erred in allowing the trustee to attack the validity of the trust instrument, and further erred in failing to find that a constructive trust existed between LEXCO and the Trust. Because this court believes that the bankruptcy judge was correct to invalidate the trust instrument and avoid the transfer of the overriding royalty interest, the judgment of the bankruptcy court is AFFIRMED.

According to counsel for the appellant, the bankruptcy judge requested that the attorneys for the parties involved submit the case in writing by stipulation. Since the parties were unable to agree on stipulated facts or evidence, each side submitted written testimony of each of its witnesses and copies of its documentary evidence. The appellant alleges that the judge admitted in chambers on the day before the date set for his ruling that he had not been able to review the testimony or evidence. Appellant says the judge requested for each attorney to supply him with copies of their memoranda for review prior to oral argument. The appellee neither refutes or supports these allegations. Furthermore, there is no evidence in the record support-

ing these allegations. Since this case can be decided without reaching the truth of the appellant's statements, the court expresses no opinion as to the validity of this method of receiving evidence.

The appellant argues that pursuant to Fed.R.Civ.P. 8(a), the issue of the validity of the trust was not alleged as a cause of action in the complaint originally filed by the trustee. Therefore, it contends the complaint failed to properly put the Trust on notice and the attack on the validity of the trust should not have been allowed. Fed.R.Civ.P. 8(a) provides:

Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

The liberal spirit of the federal pleading rules applies to bankruptcy suits. The court should not allow technical defects to defeat a litigant. See 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1229 (1969). The Fifth Circuit has held that "full evidentiary details do not have to be alleged in the petition at the very outset," since the facts can be obtained by using the discovery procedures. See *Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 366 (5th Cir.1962).

■ According to Rule 8(a)(2), the heart of an affirmative federal pleading need consist only of "a short and plain statement of the claim showing that the pleader is entitled to relief." All that is required is that the claim for relief be stated with brevity, conciseness and clarity. See *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir.1977). Pleading in the federal courts is to be solely notice pleading, with any necessary additional facts to

be secured by the utilization of discovery procedures. See *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir.1985).

■ This court believes that the appellant had adequate notice that the validity of the trust instrument was being attacked by the trustee. The original complaint states facts sufficient to place the Trust on notice that the trust instrument is being questioned. Paragraphs 5 and 6 contend that the trust was created by James A. Latham for the benefit of employees of LEXCO and/or certain other affiliated companies; furthermore, LEXCO transferred certain overriding interests in leases to be earned by LEXCO under LEXCO's Farmout Agreement with Chevron USA, Inc., covering lands in Pointe Coupee Parish, Louisiana. Paragraph 6 specifically describes the transfer and agreements. The trustee states in Paragraph 7 that he is entitled to recover the property or its value pursuant to 11 U.S.C. § 550(a). The appellant was placed on fair notice that the trustee sought to avoid the assignment of the one percent overriding royalty for the benefit of the estate by every means available.

Moreover, the attack on the validity of the trust instrument should have been made clear to the appellant through discovery. The appellee's questioned Latham in his June 26, 1986 deposition about the formation of the Trust and the trust instrument. This theory of attack was also developed in the appellee's memorandum of Points and Authorities, filed prior to oral argument and judgment. Based on these reasons, the court believes the appellant should have been aware that the validity of the trust instrument would be questioned. The decision of the bankruptcy court to hear this evidence was not clearly erroneous.

■ The bankruptcy judge found that the trust instrument was not in authentic form nor was it an act under private signature. He stated that the instrument was recorded in Caddo Parish, Louisiana, but not recorded in Pointe Coupee Parish, Louisiana, the situs of the leases. Because the instrument was neither in proper form, nor

properly recorded, he held the trust to be nonexistent as a matter of law and ineffective as to third parties.

The Louisiana Trust Code specifies the form a trust must take. La.R.S. 9:1752 provides:

An *inter vivos* trust may be created only by authentic act or by act under private signature executed in the presence of two witnesses and duly acknowledged by the settlor or by the affidavit of one of the attesting witnesses.

An authentic act is a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witnesses, and by each notary public before whom it was executed. La.Civ.Code art. 1883. By contrast, an act under private signature is defined in La.Civ.Code art. 1836:

An act under private signature is regarded *prima facie* as the true and genuine act of a party executing it when his signature has been acknowledged, and the act shall be admitted in evidence without further proof.

An act under private signature may be acknowledged by a party to that act by recognizing the signature as his own before a court, or before a notary public, or other officer authorized to perform that function, in the presence of two witnesses. An act under private signature may be acknowledged also in any other manner authorized by law.

A review of the trust instrument reveals that it lacks all of the statutory formalities required for the creation of a trust in Louisiana. The trust instrument has one signature—that of Latham. There is no notary, witnesses or form of acknowledgement. Because the requirements for an *inter vivos* trust have not been met, no trust was created as a matter of law. *See Berry v. Berry,* 371 So.2d 1346, 1347 (La.App. 1st Cir.), *writ denied,* 373 So.2d 511 (La.1979).

■ Furthermore, the assignment of the overriding royalty interest to the trust was not perfected as to third parties and, therefore, was avoidable by the trustee under 11 U.S.C. § 544. According to the Louisiana Mineral Code, a mineral interest is an incorporeal immovable. The situs of the mineral right is the parish or parishes in which the land burden is located. All instruments affecting mineral rights are subject to the laws of registry. La.R.S. 31:18. The trust instrument in question included an immovable and should have been recorded in Pointe Coupee Parish, the situs of the mineral right. According to La.R.S. 9:2092:

If at any time the trust property of either an *inter vivos* trust or a testamentary trust includes immovables or other property the title to which must be recorded in order to affect third parties, a trustee shall file the trust instrument for record in each parish in which the property is located.

Even though the assignment of the overriding royalty to the Trust was recorded in Pointe Coupee Parish on September 7, 1983, the trust instrument was never filed in that parish, as required by La.R.S. 9:2092. The instrument was only filed in Caddo Parish. Under the public records doctrine enunciated in *McDuffie v. Walker,* 125 La. 152, 51 So. 100 (1909), and its progeny and under Louisiana laws of registry, the unrecorded trust instrument can have no force or affect as to parties not privy to the unrecorded transaction. Since the trustees shall have the rights and powers of a bona fide purchaser of real property, he may avoid the transfer. 11 U.S.C. § 544(a)(3).

■ The bankruptcy court was also correct in holding that the overriding royalty interest was not held in constructive trust by LEXCO for the benefit of the Trust. The constructive trust theory is anathema to civilian notions of ownership and a precept unsupported by the Louisiana Civil Code. In *Schwegmann v. Schwegmann,* 441 So.2d 316, 322–23 (La.App. 5th Cir. 1983), *writ denied,* 443 So.2d 1122 (La. 1984), *cert. denied,* 467 U.S. 1206, 104 S.Ct. 2389, 81 L.Ed.2d 347 (1984), the Louisiana Fifth Circuit Court of Appeals declared that "it is clear the Louisiana Civil Code prohibits the imposition of a contructive trust on property" (citations omitted). There is a pronounced lack of doctrinal

support for the constructive trust theory, expressed best by Professor Yiannopoulos in his *Civil Law Treatise, Property,* where he states:

> Article 476 of the Louisiana Civil Code, as revised in 1978, is based on Article 487 of the 1870 Code but employs more precise terms. It declares: "One may have various rights in things: (1) Ownership; (2) Personal and predial servitudes; and (3) Such other real rights as the law allows." As under the prior law, ownership may be dismembered, and real rights created within limits prescribed by public policy. Article 476 does not open "the door to an unregulated brood of real rights;" parties may create only such real rights as legislation or customs allow.
>
> As a matter of fact, all modifications of the right of ownership in Louisiana fall, with the exception perhaps of building restrictions which are *sui generis* real rights, within the catagories of personal and predial servitudes. Joint tenures and the common law doctrine of estates are not recognized in Louisiana. Express trusts, however, are governed by the Louisiana Trusts Code which has successfully integrated useful common law institutions with the precepts of the Civil Code.

*Civil Law Treatise, Property,* Vol. II (1980), § 148, pp. 391–92 (citations and footnotes omitted), as cited in *Plaquemines Parish v. Delta Development Co.,* 486 So. 2d 129, 136 (La.App. 4th Cir.1986) rev'd on other grounds, 502 So.2d 1034 (La.1987).

This court believes that the opinion of the district court judge in *Boyd v. Martin Exploration Co.,* 56 B.R. 776 (E.D.La.1986) is misguided. The judge relies in part on the opinion in *Decatur–St. Louis Combined Equity Properties, Inc. Venture v. Abercrombie,* 411 So.2d 677 (La.App. 4th Cir.1982). The Louisiana Fourth Circuit Court of Appeal stated in *Plaquemines Parish* that the constructive trust theory may have been unwittingly perpetuated in its earlier decision in *Decatur–St. Louis.* The court continues that *Decatur–St. Louis* is limited exclusively to actions involving partnerships. 486 So.2d at 136.

There is no longer support for the general theory of "constructive trust" in Louisiana.

Because this court believes that Louisiana does not recognize the doctrine of constructive trust, and the trust instrument does not comply with Louisiana Trust Code formalities, the bankruptcy judge was correct in setting aside the assignment of the overriding royalty interest. Accordingly, the judgment of the bankruptcy court is AFFIRMED.

An Order consistent with the terms of this Memorandum Ruling shall issue herewith.