532 So.2d 503 (1988)
Ronald Philip JOHNSON
v.
Cynthia Jones JOHNSON.
No. 87 CA 0947.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
G. Brice Jones, Slidell, for plaintiff, appellant.
Ernest S. Anderson, Slidell, for defendant, appellee.
Before CARTER, LANIER and LeBLANC, JJ.
CARTER, Judge.
This appeal arises from the trial court's judgment holding that disability payments, which plaintiff received from a pension fund for firefighters, are community property.
An action for partition of community property was filed by plaintiff, Ronald Philip Johnson, and was subsequently traversed by defendant, Cynthia Johnson.
*504 Following a hearing, judgment was rendered disposing of all community property settlement claims, except the interests of the respective parties in the New Orleans Firefighters' Pension and Relief Fund or otherwise resulting from plaintiff's employment with the New Orleans Fire Department. The parties entered into a stipulation of facts regarding that issue, and the matter was submitted for decision.
The trial court held that the payments which plaintiff is receiving from the firefighter's fund are community property and that defendant is entitled to a one-half interest. In written reasons, the court determined that the disability payments which plaintiff was receiving "flow from a fund which is part of the compensation, contribution and guarantee of the employment."
The stipulated facts are as follows:
In connection with his employment with the New Orleans Fire Department and exclusively during his marriage to Cynthia Jones Johnson, Ronald Philip Johnson was a member of the Firefighters' Pension and Relief Fund (hereinafter referred to as "The Fund") created by R.S. 33:2101. During his marriage to Cynthia Jones Johnson and prior to legal separation, Ronald Philip Johnson began receiving monthly retirement benefits out of The Fund as a result of a non-service connected disability under R.S. 33:2113.1. The Fund is funded in part by salary deductions paid into said fund by employees of the fire department such as Ronald Philip Johnson. Additional contributions into The Fund are made by the City of New Orleans out of the issuance of various licenses and by the New Orleans Fire Department out of forfeitures, fines, proceeds of sales, gifts and records. (See R.S. 33:2101 and R.S. 33:2104, 2105, 2106.) Although the disability of Ronald Philip Johnson did not occur as a result of an employment-connected injury, his entitlement to the retirement is based upon his being actively employed as a firefighter at the time he became disabled. The amount of the retirement is based upon the number of years of faithful service of Ronald Philip Johnson with the New Orleans Fire Department. The injury which forms the basis of the disability of Mr. Johnson is the loss of vision in his left eye. (Emphasis added)
The sole issue on appeal is whether plaintiff's disability retirement benefits, based on a non-work-related disability, are community property.
Plaintiff concedes that if he had retired under the plan which governs the Fund, his pension, based on his number of years of service, would fall into the community under LSA-C.C. art. 2338.[1] However, plaintiff argues that his disability, the loss of an eye, was not attributable to any "effort, skill or industry of either spouse" as would be a retirement benefit based on years of service. Instead, plaintiff compares the disability payments to worker's compensation benefits or compensation received for personal injuries, which are separate property under LSA-C.C. art. 2344.[2] Plaintiff also argues that the disability payments do not reflect plaintiff's creditable service for retirement purposes.
*505 Under the plan established by the Firefighters' Pension and Relief Fund, members that become permanently disabled, as the result of a non-service-incurred injury, are entitled to be retired for disability. LSA-R.S. 33:2113.1 A. The amount of compensation paid for such retirement is a percentage of average compensation, with the actual percentage being based on the number of years of service of the injured fireman. LSA-R.S. 33:2113.1 A (1)-(3). As indicated in the stipulated facts, the Fund is made up of salary deductions from each member, LSA-R.S. 33:2103.2, as well as contributions from the fire department arising from forfeitures, fines, fees, gifts, and the proceeds of the sale of condemned property. LSA-R.S. 33:2104-2106. Upon retirement, the accumulated amount of contributions of an employee, together with an amount taken from the pension accumulation account sufficient when combined to provide the present value of the pension to be paid, are placed in an annuity reserve account for the payment of future benefits. LSA-R.S. 33:2103.2.
The community interest acquired in a retirement plan through the employment of either spouse during the existence of the community stems not only from contributions made by community funds, but also by reason of any right to receive proceeds attributable to such employment during the community (i.e., as an asset "acquire[d] during the marriage," Civil Code Article 2402), whether or not based on the community's contributions. Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975).
A spouse's right to receive an annuity, lump-sum benefit, or other benefits payable by a retirement plan is, to the extent attributable to his employment during the community, an asset of the community. Further, the community interest is not limited to the refund of the community funds paid, usually greatly less in monetary value than the pension rights acquired as a result of the employment of one spouse of the community. Sims v. Sims, supra.
In this particular case, the fact that the benefits at issue result from a non-job-related disability does not result in a finding that they are separate property. The right to receive compensation for that disability is based entirely on plaintiff's contributions to the Fund from community earnings and his years of service as a firefighter. Further, the disability benefit provided by the Fund cannot be classified as "[d]amages due to personal injuries sustained ... by a spouse" pursuant to LSA-C.C. art. 2344. Instead, the benefits are part of the compensation provided to a firefighter in return for his employment-related service.
The disability benefits are clearly distinguishable from worker's compensation benefits which are not tied to contributions or years of service. Plaintiff's argument in this regard is without merit.
The other cases cited by plaintiff relate to military disability retirement benefits and do not provide authority for this factual situation.[3] The 1983 enactment of 10 U.S.C. § 1408 reversed the Supreme Court decision of McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which held that military pensions were "personal entitlements" and not subject to state community property laws.[4] However, Section 1408 excluded disability pay from its provisions, leaving the impression that military disability pay is separate property. See Inzinna v. Inzinna, 456 So.2d 691 (La.App. 5th Cir.1984), writ denied, 461 So.2d 317 (La.1984). Since the present case deals only with a plan fund and benefits are governed by state law, plaintiff's argument is not persuasive.
We find that the disability benefits received by plaintiff pursuant to LSA-R.S. 33:2113.1 are an asset of the community *506 formerly existing between plaintiff and defendant. These benefits flow from a community endeavor, and defendant is entitled to her proportionate share of those payments under the formula of Sims v. Sims, supra.
Accordingly, for the reasons stated herein, the decision of the trial court is affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2338 provides as follows:

The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property. (Emphasis added)
[2] LSA-C.C. art. 2344 provides as follows:

Damages due to personal injuries sustained during the existence of the community by a spouse are separate property.
Nevertheless, the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property. If the community regime is terminated otherwise than by the death of the injured spouse, the portion of the damages attributable to the loss of earnings that would have accrued after termination of the community property regime is the separate property of the injured spouse.
[3] Russell v. Russell, 465 So.2d 181 (La.App. 3rd Cir.1985); Moreau v. Moreau, 457 So.2d 1285 (La.App. 3rd Cir.1984); Inzinna v. Inzinna, 456 So.2d 691 (La.App. 5th Cir.1984), writ denied, 461 So.2d 317 (La.1984); and Simmons v. Simmons, 453 So.2d 631 (La.App. 3rd Cir.1984).
[4] Prior to the McCarty decision, the Louisiana Supreme Court had held that a military disability retirement pension was a community asset. Succession of Scott, 231 La. 381, 91 So.2d 574 (1956).