577 So.2d 184 (1991)
Verman J. ARNAUD
v.
The UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICAS, Carpenter Local Union Number 1098 Pension Plan and Sammie Rose Devillier Arnaud Landry.
No. CA 89 1940.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
Floyd J. Falcon, Jr., Baton Rouge, for plaintiff-appellee Verman J. Arnaud.
Dennis A. Pennington, Baton Rouge, for defendant-appellant Sammie D. Arnaud Landry.
Robert L. Roland, Baton Rouge, for defendant-appellee United Broth. of Carpenters.
Before SAVOIE, CRAIN and FOIL, JJ.
*185 FOIL Judge.
This appeal arises from the trial court's judgment holding that defendant has no interest in the disability benefits due plaintiff under the provisions of his pension plan. We affirm.

FACTS
The record in this matter, as well as stipulations entered into by the parties to this lawsuit, reveal the following facts: Plaintiff, Verman J. Arnaud, was married to defendant, Sammie Rose Devillier Arnaud Landry, on May 24, 1958. Defendant, the Carpenters Local 1098 Pension Trust (Pension Trust), is a collectively bargained Trust which provides a pension plan for qualified carpenters and of which plaintiff is a member. The Pension Trust was established April 1, 1970, and provides for certain types of benefits including normal retirement benefits at age 65 and disability benefits for total and permanent disability.
The community existing between Mr. Arnaud and Mrs. Landry was terminated effective February 10, 1984, the date he filed suit for legal separation. The parties were subsequently divorced by judgment dated May 23, 1985. By judgment rendered July 25, 1986, but not signed until February 23, 1987, the parties stipulated to the partition of certain community assets. Mrs. Landry was recognized as the owner of a one-half interest in Mr. Arnaud's retirement, said interest to be the proportionate part resulting from Mr. Arnaud's employment by the Carpenters Local Union Number 1098 during the existence of the community, to be determined at time of retirement.
On October 1, 1987, Mr. Arnaud became disabled within the terms of the Pension Trust and filed for benefits. At the age of 55, he became entitled to disability benefits effective April 1, 1988. Mrs. Landry asserted a one-half interest in these payments as allegedly provided for in the partition judgment. She claimed that plaintiff's retirement, whether normal, early or disability, represents deferred compensation which is community property. The Pension Trust refused to pay the disputed one-half to either party, thus plaintiff filed the instant suit seeking past due benefits plus a declaration of his rights delineating that Mrs. Landry has no interest in his disability benefits. After a trial on the merits, the trial court did so rule, and a judgment was signed accordingly.
It is from that judgment that defendant, Mrs. Landry, brings the instant appeal. She claims the trial court committed reversible error in finding, as a matter of law, her legal right to one-half of plaintiff's retirement benefits does not include a portion of those benefits received under a disability retirement plan.

CLASSIFICATION OF DISABILITY BENEFITS
At trial, Louis Reine, the Administrator of the Pension Trust, testified as to the various characteristics or provisions of the plan. The Trust is funded by contributions made by participating contractors, consisting of a dollar amount per hour worked in covered employment. The pensions provided under the plan are based on age and service credits and are not related to wages. The normal pension is payable at age 65. On a normal pension, members may work a certain number of hours per calendar year without losing benefits. Disability is a separate pension, on which members are not allowed to work at all. If a member is receiving disability benefits and later returns to work, that pension is voided and stops at that time. If the member wishes to receive disability benefits again, he would have to reapply and resatisfy the disability criteria. Finally, under early retirement which is available at age 55, members may not work and receive retirement benefits at the same time and must take a reduction in the amount of benefits payable. However, in contrast to one on disability, a member on early retirement can go back and forth by coming out of retirement, working, and then resuming the same pension he had in effect.
To be eligible for disability, a member needs fifteen years total credit in the pension plan and must be disabled. Mr. Reine stated that the disability portion of the plan has no cash value. If a member reaches *186 age 65 without ever becoming disabled, the disability portion of the plan would be of no value to him as he would receive no benefits from it. If an individual takes disability retirement, at age 65 it converts to a normal retirement pension. Normal retirement benefits are not reduced because a member draws disability benefits prior to age 65.
In oral reasons for judgment, the trial court found that the disability payments in question, though not a dollar-for-dollar match, were intended to replace income which Mr. Arnaud would be earning if he were working. If he were working, Mrs. Landry would not be entitled to share in that income which would clearly be his separate property. The trial court also noted that under the provisions of the Pension Trust, payment of disability benefits does not reduce or diminish the retirement benefits which will be paid at age 65, a portion of which Mrs. Landry will be entitled to at that time by virtue of the partition judgment.
Although the facts of this case are unique, there is analogous support in the Louisiana jurisprudence for treating the disability payments as a substitute for lost income attributable to the disability and classifying the same as the separate property of the injured former spouse after the termination of the community property regime existing between the parties. Cf. Lachney v. Lachney, 529 So.2d 59 (La.App. 3d Cir.), writ denied, 532 So.2d 764 (La. 1988). As stated by the court in Lachney, inquiry must be made to determine whether the disability benefits represent deferred compensation in the nature of retirement or pension income or compensation to an injured employee for lost earnings in the event the employee becomes incapacitated due to serious illness or injury.
A review of the record in this matter leads us to the conclusion that the disability payments made to plaintiff do not represent deferred compensation such as retirement benefits. The disability portion of the Trust has no cash value. If an employee reaches the age of 65 without suffering total disability, he would never receive any benefits under that portion of the plan. If at any time plaintiff returns to work, the monthly disability payments would be terminated and the disability pension voided. In addition to disability benefits paid, plaintiff will receive unreduced retirement benefits at age 65, a proportionate interest of which will belong to his ex-wife. Based on these facts, we agree that the disability benefits are plaintiff's separate property as compensation for post-community loss of earnings that would have been the separate property income of the disabled spouse. To hold otherwise would lead to an inequitable result.
In support of her contention that the benefits in this case are community property, Mrs. Landry claims the case of Johnson v. Johnson, 532 So.2d 503 (La.App. 1st Cir.1988), is controlling. We disagree, finding that case distinguishable in several respects. In Johnson, the husband was a member of the Firefighter's Pension and Relief Fund in New Orleans, which is governed by La.R.S. 33:2101 et seq. He suffered an injury and began receiving disability benefits during the existence of the community. On appeal, this court held that the benefits received by Mr. Johnson were an asset of the community formerly existing between the parties. We noted that the right to receive compensation for his disability was based entirely on Mr. Johnson's contributions to the fund from community earnings and his years of service as a firefighter. As the benefits flowed from a community endeavor, we held Mrs. Johnson was entitled to her proportionate share of the payments.
After a reading of the statutes governing the New Orleans Firefighters' Pension, La.R.S. 33:2101, et seq., we do not feel compelled to follow Johnson due to significant differences in the pension plans involved in these two cases. In Johnson, the fund was made up of salary deductions from each member (clearly community funds) and contributions from the fire department. In the case at hand, the Trust is funded solely by employer contributions no contributions are made by the members. In Johnson, the amount of benefits payed was based on the number of years of service. *187 Entitlement to benefits in our case is simply based on a minimum requirement of fifteen years of credit in the plan. In the event of termination of employment, the fund in Johnson had a cash value. The disability portion of the Trust in this case has no cash value. Finally, and perhaps most important, if disability continues, a member of the fund in Johnson may never be eligible for ordinary retirement benefits by not being able to meet the minimum service requirements. Clearly, under those circumstances the benefits in Johnson were more in the nature of deferred compensation such as early retirement benefits. In the present case, Mr. Arnaud's disability pension automatically converts to a normal retirement pension at age 65. As such, the disability benefits are more representative of compensation for lost earnings due to inability to work.
For the reasons expressed herein, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant, Sammie Rose DeVillier Arnaud Landry.
AFFIRMED.