707 So.2d 471 (1998)
Gary BORDES
v.
Roselyn Zito BORDES.
No. 97-CA-967.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
Rehearing Denied March 17, 1998.
Richard M. Michalczyk, Cronvich, Wambsgans & Michalczyk, Metairie, for Plaintiff/Appellant.
Edith H. Morris, Bernadette R. Lee, Law Office of Edith H. Morris, New Orleans, for Defendant/Appellee.
BOWES, Judge.
Gary Bordes, appellant herein, appeals a judgment of the district court finding that his disability benefits are community property for purposes of a partition of the community. We affirm in part and reverse in part.
Mr. and Mrs. Bordes were divorced by a petition filed on May 8, 1991, the effective date of termination of their community. Neither party was required to pay alimony. On the trial of the partition of the community property, the following facts were stipulated:
(1) That there would be judgment in favor of Mrs. Bordes and against Mr. Bordes for one-half of the amount received from cashing in any community *472 United States Savings Bonds from Mary 8, 1991 through the date of trial.
(2) There would be judgment in favor of Mr. Bordes and against Mrs. Bordes for one-half of the principal reduction of the mortgage on her separate property residence paid during the marriage.
(3) The parties would enter into a Q.U.A.D.R.O. (Qualified Domestic Relations Order) reflecting Mrs. Bordes' twenty-three percent interest in the retirement plan of Mr. Bordes from both the Parochial Employees Retirement System of Louisiana and the Employees Retirement System of Jefferson Parish, to be effective on May 17, 2012.
Further, the parties settled a claim regarding the patio and roof, in favor of Mr. Bordes for $500.00, and agreed to divide the furniture and fixtures in kind. Additionally, it was stipulated that the date of Mr. Bordes' employment with Jefferson Parish was May 1, 1974; the date of the marriage was December 5, 1981; the date of the termination of the community was May 8, 1991; the date of disability and termination of Mr. Bordes' employment is November 17, 1994; and the date of his normal retirement would be May 17, 2012.
The only issue to be tried was in regard to the disability benefits received by Mr. Bordes since 1994. Following trial on the merits, the trial court found that the benefits are based on appellant's years of service and as a result, are deferred compensation which he elected to receive via early retirement. As such, they were found to be community assets to the extent attributable to the years of service performed during the existence of the community.
The record discloses that Mr. Bordes was employed with the Water Department of Jefferson Parish from May 1, 1974 through October 18, 1994; thus, he worked for the parish for over seven years prior to his marriage, and more than three years after his divorce. He was declared totally disabled due to aplastic anemia and avascular necrosis of his hips. His only income consists of his disability benefits; his son lives with him.[1]
At trial, Aubrey Tynes, employed with the Employees Retirement System of Jefferson Parish, testified that he calculated the amount of benefits to be paid to appellant. Mr. Bordes receives disability income from both the Parochial Employees Retirement System of Louisiana and the Employees Retirement System of Jefferson Parish. Benefits for disability and/or retirement are drawn from the same funds. After five years of employment, Mr. Bordes earned the right to disability benefits. Retirement contributions made by the employee go into an annuity savings account, and the amount attributable to the employer goes into the general fund of the pension plan.
The amount of the parochial benefit compensation received by Mr. Bordes is dependent on the number of years employed, and was calculated on a 36 consecutive month period (the period of highest compensation) which began after the community was terminated. The parish pension is based on a formula that allows additional years to be added to the actual years employed, and in Mr. Bordes' case, the benefit is based on those additional years.
The calculation for the parish benefit is made by figuring the years of service from the date of disability to age 60, multiply that number by three percent, times his average final income. The total of both parish and parochial benefits is a maximum of 85% of the average final income, which is the figure which was employed in the present case. The Jefferson Parish benefit is the difference between the parochial benefit and the 85%.
The monthly benefits are deducted from the annuity savings account until exhausted; there is an automatic refund, to any surviving spouse or beneficiary, of any remaining amount in the annuity savings account at the time of Mr. Bordes' death. Once the annuity account is exhausted, the general pension fund is used.
*473 At the time of "retirement," Mr. Bordes chose to take the maximum additional monthly benefit of the Parish Retirement system rather than to take a surviving spouse benefit (the surviving spouse benefit is payable to the person to whom the employee was legally married on the date of death, and the election to take the surviving spouse benefit reduces the amount of the monthly benefit). A beneficiary cannot be named under the Jefferson Parish system (in disability benefits), although he could have designated a beneficiary to his parochial benefits.
If Mr. Bordes returned to work, all monthly benefits would stop until he reached age 60. According to the witness, Mr. Bordes is not receiving this disability benefit in lieu of retirement, but because he is disabled.
At age 60, the monthly parochial benefit would be converted to a "normal retirement" benefit, and Mr. Bordes would no longer be required to submit to periodic medical exams and there would be no income limitations as with disability. Essentially, the parish would do the same thing and the benefit would continue at the same amount.
In the case of the Jefferson system, if Mr. Bordes had not been disabled when he reached age 60, he would receive no benefit from the parish because his entire benefit would have come from the parochial system. Generally, Jefferson Parish provides only surviving spouse or additional disability benefits; it does not provide a monthly benefit directly to a regular retiree in most cases.
Entered into evidence was a letter from Dainna S. Tully, Benefits Administrator for the Parochial Employees Retirement System, which verified that the disability retirement payments from that system would be paid for life as long as Mr. Bordes remained disabled; if he remained disabled, his benefit would be converted to a "normal retirement benefit," which would remain in the same amount.

ANALYSIS
In Hare v. Hodgins, 586 So.2d 118, 122 (La.1991), the Supreme Court of Louisiana stated:
This court decided in T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La. 197[5]6) that an employee's contractual pension right is not a gratuity but a property interest earned by him.
To the extent that the right derives from the spouse's employment during the existence of the marriage, it is a community asset subject to division upon dissolution of the marriage. La.Civ.Code art. 2338; Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.197[5]6). Consequently, when the community is terminated, the employee's spouse is entitled to be recognized as the owner of one-half of the value attributable to the pension or deferred compensation right earned during the existence of the community. La.Civil Code art. 2336; La.R.S. 9:2801 (1991)...
Correlatively, if part of the employee's pension right was earned before or after the existence of the community, that part of the pension right must be classified as the employee's separate property (or as property of a different marital regime) and separated from the community property interest to be divided. La.R.S. 9:2801 (1991); T.L. James & Co., Inc. v. Montgomery, supra.

(Some citations omitted).
Furthermore, our brothers in the First Circuit recently stated in Hyde v. Hyde, 96CA1725 (La.App. 1 Cir. 6/26/97), 697 So.2d 1061 that:
The classification of disability payments requires a careful examination of all pertinent facts to determine if such payments are deferred compensation in the nature of retirement or pension income under T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975). If the payments represent deferred compensation, they are classified as community property to the extent attributable to the years of service performed during the existence of the community under Sims v. Sims, 358 So.2d 919.
See also Brant v. Brant, 26,508 (La.App. 2 Cir. 1/25/95), 649 So.2d 111; Johnson v. Johnson, 582 So.2d 926 (La.App. 2 Cir.1991).
*474 The jurisprudence of other circuits has addressed the classification of disability benefits on numerous occasions. See Mercer v. Mercer, 95-1257 (La.App. 3 Cir. 4/3/96), 671 So.2d 937; Arnaud v. United Brotherhood of Carpenters and Joiners of America, 577 So.2d 184 (La.App. 1 Cir.1991), writ not considered, 580 So.2d 369 (La.1991); Johnson v. Johnson, 532 So.2d 503 (La.App. 1 Cir.1988); and Lachney v. Lachney, 529 So.2d 59 (La. App. 3 Cir.1988), writ denied, 532 So.2d 764 (La.1988). None of these cases are controlling regarding the case before us; and none are exactly on point. No cases on point arising from this circuit.
Our examination of the jurisprudence has convinced us that each situation must be determined on an individual case-by-case basis. Relative to the Parochial Retirement funds, we note the following:
(1) The benefits which Mr. Bordes receives from the Parochial system is determined both by (1) the number of years he was employed, as well as (2) his salary level for the last three years of his employment. During approximately 10 of those years, the parties were married.
(2) Disability benefits and normal retirement benefits are paid out of the same funds.
(3) Monthly benefits are initially deducted from the annuity savings account. Mr. Bordes paid into that account before, during, and after the time he was married.
(4) The forms signed by Mr. Bordes and admitted into evidence show that appellant applied for "Maximum disability retirement benefits" from the Parochial Employees System.
(5) Correspondence admitted into evidence from the systems analyst of the Parochial Employees System refers several times to retirement disability benefits and to Mr. Bordes as "retiree"; and it contains the following opening sentence:
"The retirement law provides that once each year during the first five years following retirement of a member of a state or statewide retirement system on a disability allowance..."
(6) Correspondence from the benefits administrator referred to hereinabove refers twice to the "monthly disability retirement benefit."
(7) Benefits will continue at the same amount for "normal retirement."
(8) La. R.S. 11:1944,[2] which deals with the Parochial Employees Retirement System, determines the method of computing these disability benefits and refers to the process of "retirement caused by disability."
We find it apparent that the disability benefits received by Mr. Bordes from the Parochial System are deferred compensation within the meaning of T.L. James & Company Inc. v. Montgomery, 332 So.2d 834 (La. 1975); Sims v. Sims, 358 So.2d 919 (La. 1978); and Hare v. Hodgins, supra. The benefits are clearly in the nature of an early retirement, albeit one forced by medical reasons. In conclusion, we find there is sufficient evidence on which the trial court could base its conclusion that, insofar as the parochial benefits are concerned, the funds are community property.
*475 However, the benefits from the Jefferson Parish system are distinguishable from the parochial funds. This benefit is payable only upon the disability of appellant which occurred after the termination of the marriage. According to Mr. Tynes, appellant would receive no benefit from the parish in the absence of a disability. In case of Mr. Bordes' death, appellee, Mrs. Bordes, could not have received any unused portion of the annuity account since she would not be the surviving spouse. The only way appellant, Mrs. Bordes, could become eligible to receive these funds at all was to become disabled, since the parish retirement system typically provides only for a surviving spouse benefit or disability benefits.
Therefore, the disability payments from Jefferson Parish are not retirement disability benefits. The benefit is not based on the actual years employed, but on a formula which allows additional years to be added, which in the present case, consists of years occurring after the termination of the community.
Under the circumstances of this case, we find that these benefits are not a result of the effort, skill, or industry of appellant during the marriage and, therefore, are not community property as contemplated in La. C.C. art. 2338[3] and the jurisprudence. Accordingly, insofar as the judgment finds this portion of the benefits to be community funds, the trial court erred and the judgment must be reversed.

DECREE
For the foregoing reasons, the judgment is reversed in part and affirmed in part, as follows:
The funds received by Mr. Bordes from the Employees Retirement System of Jefferson Parish are the separate property of Mr. Bordes and not subject to partition. Therefore, this portion of the judgment is reversed.
In all other respects the judgment is affirmed and the matter is remanded to the trial court for further proceedings.
AFFIRMED IN PART AND REVERSED IN PART; AND REMANDED.
NOTES
[1] There was one child of the marriage, a son who resided with appellant and of whom Mr. Bordes requested custody. It is not completely clear from the designated record, but it appears that this is the child referred to.
[2] R.S. 11:1944 reads as follows:

The board of trustees shall award disability benefits to eligible members who have been officially certified as disabled by the State Medical Disability Board. The disability benefit shall be determined as follows:
(1) Upon retirement caused by disability, a member shall receive a normal retirement allowance if he is eligible therefor; otherwise, he shall receive a disability benefit which shall consist of (a) an amount equal to three percent of the member's final compensation multiplied by his years of creditable service; however, for computation purposes, such number of years shall not be considered to be less than fifteen, or (b) a retirement benefit which would be payable assuming continued service to the age of sixty years using other current computation factors, whichever of (a) or (b) is less. In no event shall the benefit exceed one hundred percent of final compensation.
(2) Upon retirement caused by disability, a member may select any of the optional modes of benefit payments provided by R.S. 11:1932. The computation of any optional benefit payment shall be based upon the option factors the system utilizes for normal retirement and the ages of the member and the option beneficiary, projected to the member's earliest normal retirement age assuming the member remained in continuous service until that time.
[3] La C.C. Art. 2338 reads as follows:

The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.