580 So.2d 696 (1991)
Dorothy Jane McKelvey HOWARD, Plaintiff-Appellee,
v.
Arthur Leo HOWARD, Jr., Defendant-Appellant.
No. 22389-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
*697 Miciotto & Fant by Ronald J. Miciotto, Shreveport, for defendant-appellant.
Daye, Bowie & Beresko by Alfred R. Beresko, Shreveport, for plaintiff-appellee.
Before NORRIS, BROWN and STEWART, JJ.
STEWART, Judge.
Mr. Howard appeals the trial court judgment awarding Mrs. Howard her entire federal civil service disability retirement benefits. Mrs. Howard answers the appeal asserting that the appeal is frivolous and requesting damages and attorney's fees. For the reasons assigned below, we affirm the judgment and deny the answer.

FACTS
Arthur Leo Howard, Jr. and Dorothy Jane McKelvey Howard were married in Florida on October 31, 1953. After residing in Louisiana for several years, they were divorced on April 10, 1980. Mrs. Howard returned to civil service employment as a registered nurse in 1983, the same year she discovered she had cancer. She left civil service employment at age 59. Due to permanent disability arising from her disease, Mrs. Howard has received monthly federal civil service disability retirement benefits pursuant to 5 U.S.C.A. § 8337 since May 1985.
In 1989, Mrs. Howard filed suit to partition Mr. Howard's military retirement benefits. After a February 5, 1990 trial on this matter and other issues, judgment was signed and filed March 23, 1990, ordering, inter alia, that Mrs. Howard receive her entire civil service disability pension and that Mr. Howard receive no percentage of that income. The trial court held that Mrs. Howard became disabled after the dissolution of the community and the pension she receives is for such disability, therefore, it is not a community asset subject to partition.

DISCUSSION
The issue presented by this appeal is whether a former spouse's monthly federal civil service disability retirement benefits should be classified as community property, where the former spouse qualified for and began receiving said benefits after termination of the community.
Appellant contends that Appellee's federal civil service disability benefits are in lieu of retirement payments because Appellee ended her civil service employment after 23 years of service. Citing Campbell v. Campbell, 474 So.2d 1339, writ denied, 478 So.2d 148 (La.App. 2d Cir.1985), Appellant argues that this semantic classification does not defeat the vested community property interest of a former spouse. However, the facts of this case reveal no community interest in Appellee's pension.
Appellee receives this pension solely because of a disability occurring after the divorce. She was not eligible for non-disability retirement benefits because she had less than 30 years of service and had not reached age 60.[1] She receives this pension solely because of a disability which arose *698 after the divorce. There was no evidence that, either in effect or by election, her disability pension is in lieu of retirement benefits. The disability benefits at issue bear no relation to the community.
Appellant asserts, alternatively, that disability pay, like retirement pay, may be divided between the parties because 10 U.S.C.A. § 1408 does not expressly preempt the state classification of disability pay as community property.
As part of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408 relates to military disability benefits. Although military disability benefits are not subject to classification as community property, Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), federal law does not preempt judicial partition of federal civil service disability retirement pursuant to divorce or separation proceedings.[2] Because Appellee's pension bears no relation to the community, we need not address the issue of whether federal civil service disability retirement benefits may be classified as community property.[3]
Finding no merit to the assignment of error, we now determine whether the appeal is frivolous. Appellee asserts that this appeal was filed to delay execution of the instant trial court judgment, as well as to continue Appellant's failure to pay alimony pursuant to prior judgments. Damages for frivolous appeal may be awarded under C.C.P. Art. 2164. This article is penal in nature and must be strictly construed. Appeals are favored, and penalties for frivolous appeal will not be imposed unless they are clearly due. Harvey v. Ouachita Parish School Bd., 545 So.2d 1241 (La.App. 2d Cir.1989). Such damages will not be awarded unless the appeal fails to present a substantial legal question, or if it is obvious either that the appeal was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates, even though the court is of the opinion that such view is not meritorious. Parker v. Interstate Life and Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965); In re Succession of Bradford, 550 So.2d 678 (La.App. 2d Cir.1989). Where contentions on appeal are without merit, but raise legitimate issues, damages for frivolous appeal are not allowed. Harvey, supra; Sample v. Sample, 432 So.2d 376 (La.App. 1st Cir.1983).
In the present case, Appellant raises the legitimate issue of whether federal civil service disability retirement benefits may be classified as community property under Louisiana law. Because of the sparsity of Louisiana jurisprudence on this issue, we do not find that this appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates. We deny Appellee's request.

CONCLUSION
The assignment of error is without merit. We affirm the judgment of the trial court but decline to award damages or attorney's fees. Costs of the appeal are assessed against Appellant.
AFFIRMED.
NOTES
[1] In Mrs. Howard's case, 5 U.S.C.A. required the following for payment of non-disability retirement benefits:

§ 8336. Immediate retirement
(a) An employee who is separated from the service after becoming 55 years of age and completing 30 years of service is entitled to an annuity.
(b) An employee who is separated from the service after becoming 60 years of age and completing 20 years of service is entitled to an annuity.
* * * * * *
[2] 5 U.S.C.A. expressly authorizes federal cooperation with property settlements ordered by state courts:

§ 8345. Payment of benefits; commencement, termination, and waiver of annuity.
* * * * * *
(j)(1) Payments under this which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery by any other person.
* * * * * *
[3] For the same reason, we do not address the conflict of law issue of whether Nevada or Louisiana law should determine whether Mrs. Howard's disability income is community property. Mrs. Howard is a resident of Nevada and her disability retirement is an incorporeal movable subject to LSA-C.C. Art. 15 (formerly LSA-C.C. Art. 10). See Gilbert v. Gilbert, 442 So.2d 1330, writ denied, 445 So.2d 1231 (La.App. 3d Cir. 1983).