582 So.2d 926 (1991)
Donna Rae Thomas JOHNSON, Appellant,
v.
James Manuel JOHNSON, Appellee.
No. 22524-CA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
*927 Bruscato, Loomis & Street by Albert E. Loomis, III, Monroe, for appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Plaintiff, Donna Rae Thomas Johnson, sued her former husband, James Manuel Johnson, seeking division of their community property. She appeals only that portion of the judgment denying her demands for division of Mr. Johnson's Fireman's Disability Retirement Benefits. We reverse the lower court judgment in part and render.

FACTS
The Johnsons were married January 22, 1965. Mr. Johnson actively served the Bastrop Fire Department from January 1, 1956 until May 13, 1977. He contributed to two firemen's pension and relief funds established by the city of Bastrop. The first fund was instituted May 1, 1955; the second, instituted July 1, 1972, includes past contributions to the old fund which were withdrawn and poured into the new fund, direct contributions from firemen's paychecks, and payments from the city of Bastrop. Ex. P-36. Mr. Johnson made monthly payroll contributions to each successive fund.
Mr. Johnson took a year of sick leave starting May 13, 1977. During this time he applied for disability benefits which were granted May 8, 1978 after the supervising board received a letter from Dr. James H. Phillips, a Shreveport psychiatrist, stating Mr. Johnson has a disintegrating obsessive, compulsive personality and extreme depression. Dr. Phillips stated that Mr. Johnson's emotional conflict was aggravated by difficulties on the job, particularly his perception that the Bastrop mayor's office was conspiring to get him.
Dr. Phillips determined that Mr. Johnson was permanently and totally disabled and feared that continuation of Mr. Johnson's work would cause his mental condition to deteriorate resulting in homicidal and suicidal tendencies. Mr. Johnson admitted that he had an "explosive personality." R.p. 161. Mr. Johnson conceded in brief as did Mrs. Johnson in oral argument that Mr. Johnson's disability was work related. Mr. *928 Johnson was approved for disability status effective May 13, 1978 and has continued to draw these benefits, the subject of this dispute, since they were awarded.

PROCEDURAL HISTORY
Mrs. Johnson sued Mr. Johnson for divorce on September 17, 1985 and a judgment of divorce was signed April 1, 1986; thus, the community property regime was terminated September 17, 1985. She filed a petition to partition the community property April 10, 1986. The property division proceedings were bitter; judgment was signed July 23, 1990 classifying items as community or separate. The court deemed Mr. Johnson's disability retirement benefits "more in the nature of disability than retirement and therefore Mr. Johnson's separate property." R.p. 124, 125.
The court in its reasons for judgment stated that classification of the disability retirement benefits was a very close call. The court relied on Lachney v. Lachney, 529 So.2d 59 (La.App. 3d Cir.), writ denied 532 So.2d 764 (1988) and the testimony of Mrs. Tina Pennington, the Bastrop city clerk, even though she admitted she was not very familiar with the details of the pension plan. It concluded that the benefits paid to Mr. Johnson are disability rather than retirement.

DISCUSSION
Mrs. Johnson contends on appeal that the benefits paid to Mr. Johnson after dissolution of the community were retirement benefits. She claims Lachney is inapplicable for various reasons including the fact that the earning employee, Mr. Lachney, received retirement benefits in addition to his disability benefits. By contrast, the benefits in the instant case are paid from a single fund which pays both disability retirement and retirement benefits. She cites Johnson v. Johnson, 532 So.2d 503 (La.App. 1st Cir.1988), as authority for the proposition that disability retirement benefits from this type of fund are community.
Mr. Johnson counters the trial court was not clearly wrong in classifying the benefits as disability. He distinguishes Johnson as arising under the authority of a separate statute, the "Pension and Relief Fund in New Orleans," La.R.S. 33:2101, et seq. In addition, he argues Johnson should be distinguished from the instant case because this injury is work related while the injury in Johnson was non-work related.
The Civil Code provides:
Art. 2340. Presumption of community
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.
The presumption is strong and a spouse who would rebut it must do so by clear and convincing evidence. Succ. of Lyons, 452 So.2d 1161 (La.1984); Dance v. Dance, 552 So.2d 658 (La.App. 2d Cir.1989). The benefits or proceeds of retirement plans are in the nature of deferred compensation to which the presumption of community applies. T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975), on rehearing 332 So.2d at 849 (1976); Swope v. Mitchell, 324 So.2d 461 (La.App.3d Cir. 1975).[1]
Pension rights which represent deferred compensation for services rendered during the community are community property. T.L. James, supra. The nonworking spouse is entitled to have her interest in the working spouse's pension rights recognized when they become actually payable to the working spouse in the proportion attributable to his employment during the community. Sims v. Sims, 358 So.2d 919 (La.1978).
Disability payments, unlike retirement payments, present special problems. Classifying disability payments requires a careful examination to determine if such *929 benefits represent deferred compensation in the nature of retirement or pension income under James, supra and Sims, supra; if so, they should be classified as community to the extent attributable to years of service performed during the existence of the community. Johnson, supra; Lachney, supra.
A spouse's election to receive disability rather than retirement benefits cannot defeat the community interest of the other spouse. Campbell v. Campbell, 474 So.2d 1339 (La.App. 2d Cir.), writ denied 478 So.2d 148 (1985).[2]
Although the parties' briefs did not cite the Act creating the 1972 fund, Exhibit P-36, evidencing the withdrawal of contributions by Mr. Johnson from fund one, refers to "Legislative Act No. 300-1972." Also, the June 7, 1978 minutes of the Firemen's Pension and Relief Board refer to "Sec. 12, Sub-section 1 & 2 of the Firemens Pension and Relief Fund Act." Ex. P-20. This court's research located House Bill No. 300, the "Firemen's Pension and Relief Fund for the consolidated fire districts of Bastrop, Louisiana," 1972 La.Acts No. 23 (The Act). We take judicial notice of The Act as an essential function of this court of appeal. La.C.E. art. 202 A. Saia Motor Freight Lines, Inc. v. Agerton, 275 So.2d 393 (La.1973); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
Section 12, paragraph (1) of The Act provides that a Bastrop fireman disabled by reason of service in the fire department shall receive stated benefits "monthly from the Fund so long as such disability shall continue or until he becomes eligible for retirement on service basis, whichever is sooner [.]" (emphasis added) The parties conceded and the evidence supports the conclusion that Mr. Johnson's disability is work related. Section 15, paragraph (5) provides "That period of time during which a fireman is disabled by reason of service and is drawing disability benefits pursuant to Section 12(1) of this Act shall be credited to such disabled member as `time served' for purposes of retirement on years of service."
Section 12, paragraph (3) requires that any member who serves 25 years, upon proper application, shall be retired and paid 66-2/3% plus 1% for each year of service after he turns 50 up to 75%. Paragraph (8) recites that benefits provided by paragraph (1) "may continue only until the time the member would have been eligible for retirement under the provisions of this Act, had he continued in active service, and at such time, he shall receive the benefits provided for under the retirement provisions of this Act, if he is eligible therefor." (emphasis added)
Mr. Johnson began work January 1, 1956. He was approved for disability benefits May 13, 1978. All disability payments received by Mr. Johnson from 1978 through September 17, 1985 were community property. These years of disability counted as years of service as a fireman toward retirement. As of 1981, he was mandated by The Act, Section 12, paragraph 8, to take retirement benefits rather than disability. His retirement was based on years of service in the fire department. Approximately 16 of those years of service were performed during the existence of the community between the parties.
In essence, as of the time the community was dissolved, Mr. Johnson's benefits were not disability payments. He was mandated to receive retirement benefits. At that time, under the provisions dealing with deferred compensation retirement benefits based on years of service under The Act, the portion of his benefits attributable to his employment during the community was community property. T.L. James, supra; Sims, supra; Johnson, supra. His failure to formally apply for retirement benefits cannot defeat the community interest of his former spouse. Campbell, supra.
Moreover, the case of Johnson, supra, was based upon a similar statute. In Johnson the earning spouse, the husband, began receiving disability benefits prior to dissolution of the marriage as the result of *930 a non-service connected disability in accordance with La.R.S. 33:2113.1. The husband contributed to the pension and relief fund from his paycheck for disability and his benefits were based upon his years of service. The court noted that an employee injured as the result of a non-service injury is entitled to be retired for disability. R.S. 33:2113.1 A. Thus, the court held that the husband's benefits arising under R.S. 33:2113.1 are an asset of the community. Johnson. Further, the court concluded that these disability benefits were not damages provided for by La.C.C. art. 2344 because the benefits were compensation provided to the firefighter for employment related service. Johnson.
Mr. Johnson argues Lachney, supra, requires us to classify his disability retirement benefits as his separate property. We disagree. In Lachney, supra, Mr. Lachney's employer paid premiums for a private disability insurance policy from Aetna. Mr. Lachney was classified as a beneficiary of the policy although he did not contribute to it from his check. He did, however, make monthly payroll contributions to a separate retirement plan. The court found the insurance policy had no cash value and the benefits received by Mr. Lachney did not represent deferred compensation. The benefits were not based on years of service. The court concluded that the post community benefits did not represent deferred compensation such as retirement or pension benefits; instead, they represented compensation in lieu of work which, if not for the injury, would have been earned after dissolution of the marriage. Thus, the benefits were classified as Mr. Lachney's separate property. La. C.C. art. 2344.
Lachney is distinguishable; the benefits in the instant case were paid from a single fund providing benefits for both disability and retirement based on years of service. Moreover, The Act mandates that the benefits Mr. Johnson received after termination of the community are properly deemed retirement benefits. Thus, while it was conclusive in Lachney that the benefits were true disability payments, the evidence in the instant case is overwhelming that Mr. Johnson's benefits after January 1, 1981 were retirement.
The evidence clearly shows that the benefits at issue were acquired by Mr. Johnson's effort, skill and industry during the community and, to the extent attributable to Mr. Johnson's employment during the community, are an asset of the community. La.C.C. art. 2338; Sims, supra. The trial court was clearly in error to find otherwise. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
A spouse's right to receive benefits payable by retirement plan is, to the extent attributable to his employment during the community, an asset of the community. Sims, supra. Mrs. Johnson's appropriate share of the disability retirement benefits is 31.9% prospectively from the September 17, 1985 dissolution of the community, in accordance with Sims, supra.[3]
The portion of the July 23, 1990 judgment dealing with Mr. Johnson's retirement is reversed and rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein recognizing the plaintiff, Donna Rae Thomas Johnson, as owner of 31.9% of the defendant's, James Manuel Johnson's, disability retirement benefits from the Firemen's Pension and Relief Fund for the consolidated fire districts of Bastrop, Louisiana, effective September 17, 1985.
Costs of appeal are assessed to appellee, James Manuel Johnson.
REVERSED IN PART AND RENDERED.
NOTES
[1] We note these cases are based on La.C.C. art. 2405 (1870) which was amended and reenacted as art. 2340 without affecting the issues herein.
[2] Rearden v. Rearden, 568 So.2d 1111 (La.App. 2d Cir.1990) overruled Campbell on preemption grounds based on a Federal statute not at issue in this case.
[3] Portion of pension attributable to creditable service during existence of the community (5819 days)/pension attributable to total creditable service (9125 days) × ½ × pension. Sims, supra.