649 So.2d 111 (1995)
Carlous Ruth Christian BRANT, Plaintiff-Appellant,
v.
Donald Edwin BRANT, Defendant-Appellee.
No. 26508-CA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1995.
*112 James A. Hobbs, West Monroe, for plaintiff-appellant.
McLeod, Verlander, Eade & Verlander by Paul J. Verlander, Robert P. McLeod, Monroe, for defendant-appellee.
Before BROWN and WILLIAMS, JJ., and PRICE, J. Pro Tem.
PRICE, Judge Pro Tem.
Carlous Ruth Christian Brant appeals a judgment holding that all disability benefits received by her former husband, Donald Edwin Brant, subsequent to dissolution of the community property regime are his separate property. For the reasons stated below, we affirm.

FACTS
Carlous Ruth Christian Brant and Donald Edwin Brant were married in 1963. During the marriage, Mr. Brant purchased a policy of disability income insurance from Chubb Life Insurance Company of America (Chubb). All premiums paid on the policy were paid during the marriage with community funds. The policy, issued in December 1987, provides that Chubb will pay a $3,600 *113 monthly benefit to Mr. Brant in the event of his total disability.
In July 1988, Mr. Brant became ill with Still's disease, a connective tissue disorder. As a result, he became totally disabled and began receiving the monthly disability benefit. The Brants were divorced in June 1992, terminating the community property regime retroactively to the date the petition for divorce was filed on May 12, 1992.
In September 1992, Mrs. Brant filed suit seeking partition of community property, in which she claimed entitlement to one-half of the benefits payable under the Chubb disability policy. On January 6, 1994, the trial court rendered judgment that all payments received by Donald Brant since May 12, 1992 are his separate property. It is from this judgment that Mrs. Brant appeals.

DISCUSSION
Mrs. Brant contends that the Chubb disability insurance policy belonged to the community and therefore, upon its dissolution, she is entitled to one-half of monthly disability benefit. She bases this contention on the fact that the disability insurance policy was purchased during the existence of the community and the premiums were paid with community funds. Mrs. Brant cites LSA-C.C. Art. 2338, which provides that community property comprises:
property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and other property not classified by law as separate property.
It is uncontested that the disability insurance policy in this case was purchased with community property. However, the determination that a disability insurance policy was acquired with community property, "does not necessarily lead to the conclusion that the disability benefits are community property." Lachney v. Lachney, 529 So.2d 59, 64 (La.App. 3rd Cir.1988), writ denied, 532 So.2d 764. Rather, disability payments, unlike retirement payments, present special problems. Johnson v. Johnson, 582 So.2d 926, 928 (La.App. 2d Cir.1991).
Classifying disability payments requires a careful examination to determine if such payments represent deferred compensation in the nature of retirement or pension income under T.L. James & Co. v. Montgomery, 332 So.2d 834 (La.1975) and Sims v. Sims, 358 So.2d 919 (La.1978). If so, they should be classified as community to the extent attributable to years of service performed during the existence of the community. Johnson, supra, at 928.
In both T.L. James, supra, and Sims, supra, the amounts received under the retirement and pension plans were based upon the employee's compensation. In James, the employer placed funds, which vested immediately, into a trust fund that paid upon the death, retirement or disability of the employee. In Sims, both the employer and employee contributed to the pension plan, which was payable upon the employee obtaining a certain age and number of years of service. Upon leaving service, the employee could receive a refund of his contributions, but not the employer's, in lieu of the annuity right.
Clearly, the policy at issue in this case does not represent deferred compensation in the nature of the retirement and pension plans as in the James and Sims cases. The policy was not provided by Mr. Brant's employer nor is it payable upon the attainment of a certain age or number of years of service. It is a private disability insurance policy which has no cash or redemption value. The monthly benefit is not determined by Mr. Brant's compensation and is payable only while Mr. Brant is totally and continuously disabled, as defined by the policy to mean that he cannot, due to illness or injury, perform the main duties of his regular occupation and is not working at some other occupation. The monthly benefits will terminate when Mr. Brant reaches age 65. Further, if Mr. Brant had not become disabled before age 65, he would never have received any benefits pursuant to the policy.
*114 Mr. Brant's disability insurance policy is substantially similar to the policy considered by the Third Circuit Court of Appeal in Lachney, supra. Although Mr. Lachney's policy was provided by his employer, the employee was entitled to receive benefits only if "totally disabled." The policy had no cash or redemption value, and an employee reaching age 65 without becoming disabled would receive no benefits under the policy. The court concluded that rather than representing deferred compensation such as retirement or pension payments, the monthly disability payments represented compensation which, if not for the injury, would have been earned after dissolution of the marriage. Lachney, supra at 66.
Mrs. Brant cites our decision in Johnson, supra, in support of her contention that the disability payments are community property. However, in Johnson, we determined that the disability payments were actually retirement benefits paid from a single fund providing for both disability and retirement based on years of service. We distinguished Lachney, stating "thus, while it was conclusive in Lachney that the benefits were true disability payments, the evidence in the instant case is overwhelming that Mr. Johnson's benefits.... were retirement." Johnson, supra at 930. Additionally, in Howard v. Howard, 580 So.2d 696 (La.App. 2d Cir.1991), we held that disability payments to the former wife, who had failed to obtain the number of years of service required to qualify for retirement benefits, were solely due to disability rather than in lieu of retirement payments and thus, bore no relation to the community. Howard, 580 So.2d at 698.
We conclude that the disability benefits in the present case are true disability payments which represent compensation which Mr. Brant would have earned if not for his illness, rather than deferred compensation such as retirement or pension income. Disability payments that do not qualify as deferred income should be classified in accordance with the approach used by courts in allocating tort damage and workers compensation benefits. Lachney, supra at 63.
Damages due to personal injuries, including workman's compensation benefits, sustained during the existence of the community by a spouse are separate property. LSA-C.C. Art. 2344; Comment a, LSA-C.C. Art. 2344; Roge v. Roge, 604 So.2d 721 (La. App. 2d Cir.1992). The non-injured spouse does not have an interest in the portion of the award designed to compensate the injured spouse for the loss of earnings accruing after termination of the community property regime. Although this portion of the award would be classified as community property during the existence of the regime, it is classified as the separate property of the injured spouse upon termination of the community. Comment b, LSA-C.C. Art. 2344; West v. Ortego, 325 So.2d 242 (La.1975). Thus, we conclude that the disability insurance benefits payable to Mr. Brant subsequent to termination of the community are his separate property.

CONCLUSION
We conclude that the trial court was correct in its determination that the disability benefits payable subsequent to dissolution of the community property regime are the separate property of Mr. Brant. Accordingly, we affirm the trial court's judgment at appellant's costs.
AFFIRM.