JjCOOKS, Judge.
Stamm-Scheele appeals the hearing officer’s decision that claimant’s average weekly wage should be calculated at ten dollars and fifty-four cents ($10.54) per hour, instead of his usual hourly rate of six dollars and fifty cents ($6.50). Finding no legal error below, and for the reasons discussed herein, we affirm.
PERTINENT FACTS
Roger Thibodeaux injured his back on June 7, 1994, while engaged in the course and scope of his employment with Stamm-Scheele, Inc. As a result, he underwent surgery and sought compensation benefits pursuant to La.R.S. 23:1021, et seq. Also, alleging his employer acted arbitrarily and capriciously, Thibodeaux sought penalties and attorney’s fees in his petition dated October 24, 1996.
The parties were able to stipulate to most of the relevant facts prior to hearing. |2They sharply contested whether the termination of benefits during the period of October 7,1996 to March 31, 1997 was justified; but, that issue was eventually settled and is not before us. However, the proper method of calculating Thibodeaux’s average hourly wage was disputed at hearing and remains for our consideration. [1]
On June 6, 1996, Thibodeaux, began working on a job under federal contract, which provided Stamm-Scheele employees would be paid ten dollars and fifty-four cents ($10.54) per hour. Stamm-Scheele employed Thibodeaux for “a couple of years before the accident,” paying him six dollars and fifty cents ($6.50) an hour, with time and a half for those hours over forty. Because Thibodeaux had only been working under the federal contract, which mandated a higher hourly wage, for only one day prior to being injured, the employer argues the hearing officer’s decision “results in absurd consequences since the result does not remotely approximate the earnings of the claimant, but rather yields in a windfall in his favor.” According to Stamm-Scheele, “the inequity” of the approach used to calculate Thibodeaux’s wages “would be glaringly apparent if a decrease in pay had occurred.” While we acknowledge there may be situations where a claimant receives more money in compensation benefits than he had been earning while actually working during some earlier period, we do not find such a result absurd or inequitable. Implementation of La.R.S. 23:1021, as it is written, may well have unanticipated results. However, considering the underlying purpose which motivated the legislature to adopt the workers’ compensation laws and the jurisprudence explicating that objective, we find it intended such result.
La.R.S. 23:1021, in pertinent part, states “[wjages means average weekly wage at the time of the accident.” (Emphasis added). Further, for determination of the proper amount of compensation, La.R.S. 23:1021(10)(a)(i) provides: *428 Courts are required to “give effect to the unambiguously expressed intent of the legislature if its application does not lead to absurd consequences.” Parker v. Parker, 95-1373, p.4 (La.App. 3 Cir. 4/3/96); 671 So.2d 1143, 1145; citing Moore v. Gencorp., Inc., 93-0814 (La.App.1994); 633 So.2d 1268. When interpreting La.R.S. 23:1021, et seq., our predecessors on this court have held “Compensation is based on the daily rate of pay at the time of the injury, not on the worker’s average weekly wages over a period preceding the accident.” McPhearson v. Hunt Lumber Co., 158 So.2d 430, 432 (La.App. 3 Cir.1963), citations omitted. We see no reason to deviate from that interpretation.
*427 “If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average factual hours worked in the four full weeks preceding the date of the accident ...”
*428 Stamm-Scheele offered the testimony of Harold Leleux Jr., superintendent of the company’s employment wage records, who verified Thibodeaux’s “historical pay rate.” Leleux further indicated that Thibodeaux, had he continued to be employed with Stamm-Scheele, would have returned to earning $6.50 an hour upon completion of the federal job. Thus, the argument goes, payment of benefits at ten dollars and fifty-four cents per hour “results in a gross distortion of the reality of the employment situation.”
The only “reality” we are faced with here is the fact that, as of the date of his injury, Thibodeaux was earning the rate of pay mandated by federal contract. Perhaps, Thibo-deaux would have returned to earning $6.50 an hour had he not been injured. Yet, in fairness, we do not know that Thibodeaux would have continued to work with Stamm-Scheele. We can not say whether Thibo-deaux would have been offered a raise or would have begun working on another federal contract.[1] The fact that the increased wage rate Thibodeaux received “was of limited duration, and limited only to this Lparticular project” does not modify the wording of La.R.S. 23:1021(10) or La.R.S. 23:1021(10)(a)(i). In fact, had Thibodeaux been injured one month into this same “temporary special project,” Stamm-Scheele’s argument would be conspicuously inoperative because, “in the four full weeks” prior to the accident, Thibodeaux would have been earning $10.54 an hour. Because of the unequivocal wording it used when redacting the statute, we do not think the legislature intended that courts consider such variables.
This court will not apply the workers’ compensation laws in a manner which will require us to speculate as to what wages the employer would have paid the employee post-accident by considering totally irrelevant pre-accident wage figures. The legislature has provided a simple calculative method. Our decision is supported by case law and the aim of the Act itself, which “is to compensate an injured worker not only for lost wages, but also for reduced or lost earning capacity.” Breaux v. Hoffpauir, 95-2933, p.5 (La.5/21/96); 674 So.2d 234, 237; citing Brooks v. Chicola, 514 So.2d 7 (La.1987). Moreover, assuming further interpretation of La.R.S. 23:1021 is needed, we note that courts have long required liberal construction of the workers’ compensation provisions in favor of the claimant. See Breaux at 237, citing Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52, 55 (La.1993). Because Thibodeaux was injured on the second day of the federal job, he suffered “reduced or lost earning capacity,” at the rate of ten dollars and fifty-four cents ($10.54) each hour. He is now entitled to compensation benefits based on that rate of pay.
CONCLUSION
Finding the hearing officer properly calculated Roger Thibodeaux’s average weekly wages at the rate of ten dollars and fifty four cents ($10.54) per hour, we affirm. Defendant, Stamm-Scheele is cast with all costs associated with this appeal.
I..AFFIRMED.
Amy, J., concurs.

. Leleux further testified that Stamm-Scheele employees did work on other projects, including federal and state jobs, at varying pay rates.