|2McKAY, Judge.
This appeal arises out of a lower court’s ruling that federal workers’ compensation benefits paid after divorce and dissolution of the community are community property. We reverse.
FACTS AND PROCEDURAL HISTORY
Appellant, Raymond R. Egan, worked as a drug enforcement agent with the United States Drug Enforcement Agency throughout his marriage to Jeanette Huck Egan. In August of 1982, Mr. Egan suffered a disabl *1144 ing injury while in the course and scope of his employment. Mr. Egan filed an accident report and made a claim for worker’s compensation benefits through the Department of Labor Office of Worker’s Compensation Programs (OWCP). Mr. Egan also filed a claim with the Office of Personnel Management (OPM) for civil service disability retirement benefits. Both of these agencies approved Mr. Egan’s claims for benefits. However, Mr. Egan was informed by OWCP that he must elect between benefits from OWCP or benefits from OPM because benefits could not be received [aconcurrently. Mr. Egan elected to receive worker’s compensation benefits from OWCP and has received such benefits since November 23, 1983.[1] .
On October 15, 1984, the parties entered into a Community Property Partition Agreement in which Mrs. Egan specifically reserved “her rights to claim benefits under any government retirement plan in the name of Raymond R. Egan.” On June 4, 1985, Mr. Egan filed a petition for divorce and judgment of divorce was entered on July 17,1985.
On September 25, 1995, Mrs. Egan filed a Motion for Qualified Domestic Relations Order to establish her rights to receive, a portion of Mr. Egan’s retirement and any disability retirement benefits which may be due him from OPM. On March 22, 1996, the parties entered- into a consent judgment, which recognized Mrs. Egan’s one-half Qk) interest in any retirement or disability retirement benefits that Mr. Egan may be entitled to in the future. Mrs. Egan then filed a pleading entitled “MOTION FOR SUPPLEMENTAL ORDER REGARDING DISABILITY PENSION” by which she sought to have the worker’s compensation benefits received by Mr. Egan after the dissolution of the community to be declared community property. In response, Mr. Egan filed Exceptions of No Cause of Action and Res Judicata. These exceptions were denied by the trial court. Mr. Egán then filed a writ of review with this Court, which was subsequently denied as was his Application for Writ of Certiorari and/or Review with the Louisiana Supreme Court. A hearing on Mrs. Egan’s motion was held on October |429, 1997. The trial court granted Mrs. Egan’s motion on January 28, 1998. In its written reasons for judgment, the trial court concluded that Mr. Egan’s election to receive workers’ compensation benefits during the marriage automatically converts the workers’ compensation benefits from a separate property classification to a community property classification. Accordingly, the trial court found that Mrs. Egan was entitled to one-half OQ of all past and future workers’ compensation benefits.
On February 27, 1998, Mr. Egan filed a writ application with this Court. On April 9, 1998, this Court ordered that the writ application be converted to an appeal. Accordingly, Mr. Egan filed this appeal.
DISCUSSION
The issue before this Court is whether worker’s compensation benefits received after the dissolution of the community constitute community property when during the marriage an injured spouse makes an election to receive them rather than benefits from a retirement/disability fund which would be community property.
In its written reasons for judgment, the trial court found that Raymond Egan’s election to receive worker’s compensation benefits rather than disability retirement benefits defeated the community interest of Mrs. Egan. In reaching its decision, the trial court relied upon the 1991 Second Circuit case of Johnson v. Johnson, 582 So.2d 926 (La.App. 2 Cir.1991). The trial court reasoned that the workers’ compensation benefits received by Mr. Egan were analogous to the ^disability benefits addressed in Johnson and therefore Mrs. Egan was entitled to a one-half interest in such benefits.
The trial court’s reasoning is flawed. What the trial court fails to appreciate is that the disability benefits in Johnson and the workers’ compensation benefits in the instant case are fundamentally different. In Johnson, the injured employee’s right to receive disability benefits was based upon his contributions to the disability fund, which were made from community funds, and were calcu *1145 lated based on the number of years of service which occurred during the existence of the community. By contrast, the worker’s compensation benefits in the instant case did not flow from a community endeavor. Mr. Egan received workers’ compensation benefits because he was on the job when he was injured.
In their briefs, both appellant and appellee allude to cases that deal with disability insurance policies.[2] However, the workers’ compensation benefits Mr. Egan is receiving flow from a statutory creation. The purpose of workers’ compensation is to compensate the injured worker not only for lost wages, but also for reduced or lost earning capacity. Thibodeaux v. Stamm-Scheele, Inc., 97-1461 (La.App. 3 Cir. 4/15/98), 711 So.2d 426, writ denied, 98-1285 (La.6/26/98), 719 So.2d 1061. This is true not only under the Louisiana Act but also under the federal program which covered Mr. Egan. Consequently under a community property analysis, workers’ compensation benefits are akin to salary. Therefore, just as a former spouse’s post-dissolution salary would be his separate property, workers’ compensation benefits he receives after the dissolution of the community are also his separate property-
IsOur finding that Mr. Egan’s workers’ compensation benefits are his separate property is additionally supported by analogy to damages due to personal injuries.[3] According to La. C.C. art. 2344:
Damages due to personal injuries sustained during the existence of the community by a spouse are separate property.
Nevertheless, the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property. If the community regime is terminated otherwise than by the death of the injured spouse, the portion of the damages attributable to the loss of earnings that would have accrued after termination of the community property regime is the separate property of the injured spouse.
Therefore, under this analysis, Mr. Egan’s workers’ compensation benefits are also his separate property.
Mrs. Egan’s argument that her former husband’s election to receive workers’ compensation benefits rather than disability retirement benefits somehow defeats her community interest in his pension is without merit. At the time Mr. Egan elected to receive workers’ compensation in lieu of disability, he was still married to Mrs. Egan. He made the decision to receive these benefits because they paid more than disability benefits. His election to receive these benefits has in no way diminished his interest in the pension he may one day be entitled to. Mr. Egan may one day return to work with the federal government and become fully vested in his retirement. However, to allow his former wife to force him to now either elect to receive disability or have his workers’ compensation benefits declared community property is wrong. It is but for his injury that he is even eligible to receive disability from OPM. If he had never been injured and had merely quit his job his former wife would be entitled to nothing. To award her half of the ^workers’ compensation benefits he receives because his injury keeps him from working makes no sense.
CONCLUSION
We find that the trial court was manifestly erroneous as a matter of law when it ruled that the workers’ compensation benefits received by Mr. Egan, after the dissolution of the community, were community property. Accordingly the judgment of the trial court is reversed.
REVERSED.

. At no time did Mr. Egan receive any payments in the form of disability retirement from OPM.

. Lachney v. Lachney, 529 So.2d 59 (La.App. 3 Cir.1988), writ denied, 532 So.2d 764 (La.1988); Brant v. Brant, 26,508 (La.App 2 Cir. 1/25/95), 649 So.2d 111; Mercer v. Mercer, 95-1257 (La.App. 3 Cir. 4/3/96), 671 So.2d 937.

. The official revision comments of 1979 to Civil Code article 2344 specifically state that workman’s compensation benefits are included in the notion of personal injury damages.