# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-618

DAVID A. BRICK

VERSUS

SANDRA JO MISIOLEK BRICK

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2005-409
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

**AFFIRMED.**

Michael B. Holmes
Hebert, Holmes & Bertrand
P. O. Drawer 790
Kinder, LA 70648
(337) 738-2568
Counsel for Defendant/Appellee:
    Sandra Jo Misiolek Brick

Judi F. Abrusley
Abrusley Law Office
P. O. Box 1114
Oakdale, LA 71463
(318) 335-9771
Counsel for Plaintiff/Appellant:
    David A. Brick

**DECUIR, Judge.**

David and Sandra Brick were married in 1983 and divorced in 2005. Four children were born of the marriage, who ranged in age from five to twenty-one at the time of trial. The parties amicably settled custody, child support, and the partition of community property and went to trial on two issues only: permanent spousal support and the classification of David's post-divorce disability income. Permanent spousal support in favor of Sandra was denied, and she has not appealed that decision. Regarding David's disability income, the trial court determined the disability payments were meant to replace lost income and were, therefore, separate property up to the time when David would otherwise become eligible for retirement at age sixty on February 16, 2021. The trial court further held that after February 16, 2021, the disability payments will become regular retirement benefits and will be reclassified as community property.

Both David and Sandra appealed the trial court's ruling, with David urging this court to classify the payments as his separate property throughout his life and Sandra advocating community classification from the initial payment onward. David presented evidence showing that the disability payments from the Chicago Regional Council of Carpenters Pension Fund do not convert to normal retirement payments and will continue to be classified as disability payments throughout his life or until he is no longer disabled. In fact, an administrator of the pension fund testified that no provision exists whereby payments under the plan could be converted to retirement benefits, and the plan would not honor a request or even a court order to convert disability payments to retirement benefits. Conversely, Sandra argues that the disability payments are presumed to be community property and David simply failed to meet his burden of proving otherwise.

The Louisiana Supreme Court addressed a similar issue in the case of *Bordes v. Bordes,* 98-1004 (La. 4/13/99), 730 So.2d 443. The court explained its rationale for classifying post-divorce disability payments as the separate property of the disabled spouse:

> The purpose of paying benefits under a retirement plan is different when the benefits are payable because the employee spouse becomes disabled than when the benefits are payable because the employee spouse reaches normal retirement age. When the divorced employee spouse receives benefits because of disability, the benefits are paid in lieu of income that would otherwise be the employee spouse's separate property. Basing the classification of benefits upon the purpose of the payment of the benefits is fair and equitable, and provides ease of administration. [Footnote omitted.] When the employee spouse becomes disabled, the benefits replace the working wages he or she can no longer earn. On the other hand, the non-employee spouse can continue to earn (and keep) one hundred percent of the wages he or she was earning when the employee spouse became disabled. Awarding a share of disability retirement benefits to the non-employee spouse who does not need to replace wages lost because of inability to work, while reducing the amount of benefits payable to the disabled spouse who has such a need, is contrary to the purpose of a disability feature in a retirement plan.

*Id*. at 447-448. Citing the Louisiana Civil Law Treatise, the *Bordes* court noted in a footnote:

> Basing the classification of benefits upon the purpose of the payment adheres to the real subrogation rule for classification. If the payment substitutes for income that would be separate property, the disability payment should also be separate property. Katherine S. Spaht & W. Lee Hargrave, *Louisiana Civil Law Treatise, Matrimonial Regimes* § 3.3 (2nd ed.1997).

*Id*. at 447. "Real subrogation" in the context of disability benefits has been defined as monies "payable in lieu of or as compensation for the loss of the earning capacity of the insured." *Easterling v. Succ. of Lamkin,* 211 La. 1089, 31 So.2d 220, 224 (La.1947).

In the present case, the issue of David's disability was not before the court. The evidence showed that David has received both social security disability benefits

and workers' compensation payments for a total and apparently permanent disability involving his back. We are convinced, as was the trial court, that David's pension fund benefits, which began when he was forty-four years old, were paid as compensation for the loss of his earning capacity, at least until he reaches retirement age. Accordingly, we find no merit to the position advocated by Sandra.

The question remains, however, whether David's disability payments, which do not convert to regular retirement benefits pursuant to the terms of his pension fund, should be considered as regular retirement benefits for purposes of community property classification once David reaches retirement age. We turn to Professors Spaht and Hargrave:

> [The holding of *Johnson v. Johnson,* 582 So.2d 926 (La.App. 2 Cir. 1991)] was supported by the fact that retirement system regulations specially provided that disability benefits would be paid only until the employee becomes eligible for retirement; then, the benefits would be paid under the retirement system. **The same result ought to follow, however, even if the plan did not so specify. The real subrogation principle would also support treating the payment as a retirement benefit from the time of normal retirement age.**

Katherine S. Spaht & W. Lee Hargrave, *Louisiana Civil Law Treatise, Matrimonial Regimes* § 3.3 (2nd ed. 1997). [Emphasis added.]

Given these authoritative comments, and considering the evidence in the record before us, we find no error in the trial court's decision. While the pension fund itself may always classify David's benefits as disability payments, the court may appropriately characterize a portion of those benefits as community property once David reaches retirement age and is otherwise eligible to receive retirement benefits.

The judgment of the trial court is affirmed. Costs of this appeal are assessed equally between the parties.

**AFFIRMED.**

3